IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROBERT ANDREW PEARCE,**

        Petitioner,

    v.                                              Civil Action No. 5:24-CV-20
                                                         Judge Bailey

**DIDYMUS TATE,** Superintendent,
Eastern Regional Jail**,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

On January 30, 2024, petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  [Doc. 1].  The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.  For the reasons that follow, the undersigned recommends the petition be denied and dismissed.

**II.  FACTUAL AND PROCEDURAL HISTORY**

In the instant petition, petitioner challenges his detention by the State of West Virginia.  According to the petition, petitioner was serving a state sentence in Maryland when, on March 6, 2023, he was transported from Maryland to West Virginia pursuant to the West Virginia Interstate Agreement on Detainers, W.Va. Code § 62-14-1.  [Doc. 1 at 1–2].  Petitioner is now being held in Berkely County as a part of Berkely County Circuit Court Case Number CC-02-2023-F-99.  [Id.].

1

Petitioner alleges that on June 6, 2023, the circuit court sought to continue a pretrial hearing as petitioner had not been transported to the hearing; the rescheduling resulted in a trial date set for August 1, 2023, outside the one-hundred-and-eighty-day window established by the Interstate Agreement on Detainers, despite counsel's objection. [Id. at 2]. On June 13, 2023, the circuit court again continued the trial, this time to September 18, 2023, and again over the objection of defense counsel. [Id.].

Petitioner filed a motion to dismiss the indictment based on the violations of the Interstate Agreement on Detainers; the motion was denied, after which petitioner submitted a petition for writ of prohibition to the Supreme Court of Appeals of West Virginia. [Id. at 4]. The circuit court issued a stay whilst the Supreme Court case was pending, and on November 14, 2023, the Supreme Court refused to issue the writ. [Id. at 5]. On December 1, 2023, the circuit court set petitioner's trial for March 27, 2024, again over the objection of defense counsel. [Id.].

In the instant petition, petitioner challenges his continued detention, arguing that the State of West Virginia has held him beyond the one-hundred-and-eighty day time frame set by the Interstate Agreement on Detainers. He contends that by raising this ground in the Circuit Court of Berkely County and the Supreme Court of Appeals of West Virginia, he has fully exhausted his available state remedies. Accordingly, petitioner asks this Court to enter an order "mandating that the Circuit Court of Berkely County dismiss Berkeley County Case Number: CC-02-2023-F-99 with prejudice pursuant to Article V(c) of [W.Va. Code] § 62-14-1." [Id. at 8].

## III.  LEGAL STANDARD

### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts.

### B.     Petitions for Habeas Corpus Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, the factual determinations by the state courts are

3

presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, a federal court uses the "highly deferential lens" mandated by the AEDPA. ***DeCastro v. Branker***, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." ***Thomas v. Davis***, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. ***Williams v. Taylor***, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." ***Lewis v. Wheeler***, 609 F.3d 291, 300 (4th Cir. 2010) (quoting ***Williams***, 529 U.S. at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." ***Id***. at 300–01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously

or incorrectly. Rather, the application must also be unreasonable." *Williams*, 529 U.S. at 365.

## IV.  ANALYSIS

As the Supreme Court has summarized,

> The Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. § 2, is a compact among 48 States, the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges. Article IV(c) of the IAD provides that trial of a transferred prisoner "shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, ... the court having jurisdiction of the matter may grant any necessary or reasonable continuance." IAD Article V(c) states that when trial does not occur within the time prescribed, the charges shall be dismissed with prejudice.

*Reed v. Farley*, 512 U.S. 339, 341–42 (1994).  The Interstate Agreement on Detainers Act has two "speedy trial" provisions.  First, Article III(a) of the Act requires that a prisoner against whom a detainer has been lodged be tried within 180 days of the prosecuting State's receipt of the prisoner's notice requesting speedy disposition of the charges.  *See Fex v. Michigan*, 507 U.S. 43 (1993).  Second, Article IV(c) requires that trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state.

Here, petitioner's challenge is based on the state's failure to observe the 180-day limit set by Article III of the act.  However, as a petitioner has not yet been convicted and sentenced by the State, the undersigned finds that his claim is not properly brought under § 2254.  Under § 2254(a),

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

5

28 U.S.C. § 2254(a) (emphasis added). Here, petitioner is a pretrial detainee and is not in custody "pursuant to the judgment of a State court." *See* **Swindler v. Warden**, No. 2:21-CV-00668, 2022 WL 324030, at *1 (S.D. W.Va. Jan. 12, 2022), *report and recommendation adopted*, No. 2:21-CV-00668, 2022 WL 319838 (S.D. W.Va. Feb. 2, 2022) ("In the instant case, Petitioner acknowledges that he has been convicted but not yet sentenced by the Circuit Court of Jackson County. Therefore, Petitioner is not yet in custody pursuant to a State court's judgment."); **Gibbs v. Daisy**, No. 1:06-CV-108, 2007 WL 2694491, at *3 (M.D. N.C. Sept. 11, 2007) (federal inmate subject to North Carolina detainer challenged violation to the 180-day timeframe; the court noted that § 2254 "provides a *post-conviction* remedy for state prisoners. In contrast, 28 U.S.C. § 2241 authorizes federal courts to issue a writ of habeas corpus to any prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3)." (emphasis added)); **Stow v. Murashige**, 389 F.3d 880, 882 (9th Cir. 2004) (defendant bringing a double jeopardy claim after state appellate court reversed conviction on first degree murder and remanded the case for further proceedings on the second degree murder charge was not "in custody pursuant to the judgment of a State Court" because he was a pretrial detainee.).

Instead, petitioner's claims should be brought, if at all, under 28 U.S.C. § 2241. **Seay v. Cannon**, 927 F.3d 776, 780–81 (4th Cir. 2019) ("Because Seay challenges his pretrial detention on double jeopardy grounds under Section 2241, the special deference we ordinarily accord to state court judgments under 28 U.S.C. § 2254 is inapplicable here. *See* **Phillips v. Court of Common Pleas**, 668 F.3d 804, 810 (6th Cir. 2012) (collecting cases from First, Fifth, Ninth, and Tenth Circuits); *see also* **Walck v. Edmondson**, 472

6

F.3d 1227, 1235 (10th Cir. 2007). Section 2241 entitles a prisoner to habeas corpus relief if '[h]e is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3).") (footnote omitted)).

Accordingly, the undersigned recommends that the petition be dismissed; in the alternative, the undersigned recommends that the Court construe the petition as one brought under 28 U.S.C. § 2241.

## V.  RECOMMENDATION

For the reasons stated above, the undersigned recommends that petitioner's § 2254 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**, or, in the alternative, that the petition be construed as one brought under § 2241.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**.  A copy of any objections shall also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to transmit copies of this Report to all counsel of record.

**DATED**: February 8, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE