IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROBERT ANDREW PEARCE,**

Petitioner,

v.

**CIVIL ACTION No. 5:24-CV-20**
Judge Bailey

**DIDYMUS TATE,** Superintendent,
Eastern Regional Jail,

Respondent.

### ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 5]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 8, 2024, wherein he recommends that the petition be denied and dismissed without prejudice, or, in the alternative, that the petition be construed as one brought under § 2241. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] This Court fully adopts and incorporates herein the "Factual and Procedural History" section of the R&R. *See* [Doc. 5 at 1–2].

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed an objection [Doc. 6] on February 22, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, after providing a backdrop for § 2254 petitions, Magistrate Judge Mazzone found that "petitioner's claims should be brought, if at all, under 28 U.S.C. § 2241." [Doc. 5 at 6]. In support, Magistrate Judge Mazzone stated:

> Here, petitioner's challenge is based on the state's failure to observe the 180-day limit set by Article III of the act. However, as a petitioner has not yet been convicted and sentenced by the State, the undersigned finds that his claim is not properly brought under § 2254. Under § 2254(a),
>
> > The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> 28 U.S.C. § 2254(a) (emphasis added). Here, petitioner is a pretrial detainee and is not in custody "pursuant to the judgment of a State court."

[Id. at 5–6].

In his objection, petitioner states that he "does not object to the characterization or recitation of the facts of this matter" and "does not object to the legal analysis discussed. . . ." [Doc. 6 at ¶¶ 1–2]. Petitioner states "the only portion of the [R&R] with which [he] takes issue is recommendation that the Petition for Habeas Relief be denied." [Id. at ¶ 3]. Petitioner "requests that the petition be construed as one brought under § 2241

as the said code section does appear to better suit circumstances of his detention[.]" [Id. at ¶ 6].

This Court agrees with Magistrate Judge Mazzone that petitioner's claim is not properly brought under § 2254. Thus, this Court will construe the petition as one brought under § 2241.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 5]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The Petition **[Doc. 1]** will hereby be **CONSTRUED** as a § 2241 Petition.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record.

**DATED:** February **22**, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE