**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**ROBERT ANDREW PEARCE,**

      Petitioner,

v.                                                                 Civil Action No. 5:24-CV-20
                                                                                                                                Judge Bailey

**DIDYMUS TATE,** Superintendent,
Eastern Regional Jail**,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On January 30, 2024, petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  [Doc. 1].  On February 22, 2024, the Court construed the petition as one brought under 28 U.S.C. § 2241, and, the next day, the undersigned directed the respondent to respond to the petition.  On March 21, 2024, the Respondent filed a Motion to Dismiss, along with exhibits and a memorandum in support.  [Docs. 9 & 10].  On April 11, 2024, petitioner filed a response, [Doc. 11], and on April 24, 2024, respondent filed a reply, [Doc. 12].  The Motion is now fully briefed and ripe for decision.  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that the motion be granted.

## II.  FACTUAL AND PROCEDURAL HISTORY

As previously summarized,

> In the instant petition, petitioner challenges his detention by the State of West Virginia.  According to the petition, petitioner was serving a state sentence in Maryland when, on March 6, 2023, he was transported from Maryland to West Virginia pursuant to the West Virginia Interstate Agreement on Detainers, W.Va. Code § 62-14-1. [Doc. 1 at 1–2]. Petitioner is now being held in Berkely County as a part of Berkely County Circuit Court Case Number CC-02-2023-F-99.  [Id.].
>
> Petitioner alleges that on June 6, 2023, the circuit court sought to continue a pretrial hearing as petitioner had not been transported to the hearing; the rescheduling resulted in a trial date set for August 1, 2023, outside the one-hundred-and-eighty-day window established by the Interstate Agreement on Detainers, despite counsel's objection.  [Id. at 2]. On June 13, 2023, the circuit court again continued the trial, this time to September 18, 2023, and again over the objection of defense counsel.  [Id.].
>
> Petitioner filed a motion to dismiss the indictment based on the violations of the Interstate Agreement on Detainers; the motion was denied, after which petitioner submitted a petition for writ of prohibition to the Supreme Court of Appeals of West Virginia.  [Id. at 4].  The circuit court issued a stay whilst the Supreme Court case was pending, and on November 14, 2023, the Supreme Court refused to issue the writ.  [Id. at 5]. On December 1, 2023, the circuit court set petitioner's trial for March 27, 2024, again over the objection of defense counsel.  [Id.].
>
> In the instant petition, petitioner challenges his continued detention, arguing that the State of West Virginia has held him beyond the one-hundred-and-eighty day time frame set by the Interstate Agreement on Detainers.  He contends that by raising this ground in the Circuit Court of Berkely County and the Supreme Court of Appeals of West Virginia, he has fully exhausted his available state remedies.  Accordingly, petitioner asks this Court to enter an order "mandating that the Circuit Court of Berkely County dismiss Berkeley County Case Number: CC-02-2023-F-99 with prejudice pursuant to Article V(c) of [W.Va. Code] § 62-14-1."  [Id. at 8].

[Doc. 5 at 1–2].  On February 8, 2024, the undersigned found that petitioner's claims were not properly brought under 28 U.S.C. § 2254 and recommended the petition be dismissed or, in the alternative, that the petition be construed as one brought under 28 U.S.C.

2

§ 2241. [Id.]. On February 22, 2024, Judge Bailey adopted the Report and Recommendation and construed the petition as one brought under § 2241. [Doc. 7].

On March 21, 2024, respondent filed the instant motion to dismiss. [Doc. 9]. In his memorandum in support, respondent argues that this Court should abstain from exercising jurisdiction over the claims pursuant to **Younger v. Harris**, 401 U.S. 37, 43 (1971). [Doc. 10]. On April 11, 2024, petitioner filed a response, arguing, first, that **Younger** is inapplicable because "the Courts of the State of West Virginia have demonstrated bias and an unwillingness to address Petitioner's claim on the merits." [Doc. 11 at 10]. Second, petitioner argues that if **Younger** is applicable, extraordinary circumstances justify the court's intervention. [Id. at 12–14].

### III. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." **Republican Party of N.C. v. Martin**, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. **Mylan Labs, Inc. v. Matkari**, 7 F.3d 1130, 1134 (4th Cir. 1993); see also **Martin**, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007) (quoting **Conley v. Gibson**, 355 U.S. 41, 47 (1957)).

3

In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted), to one that is "plausible on its face," [*Id*. at 570], rather than merely "conceivable." *Id*. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal*, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

## IV.  ANALYSIS

28 U.S.C. § 2241 provides a remedy for a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  Unlike § 2254, which allows state prisoners to seek relief post-conviction, "Pre-trial petitions for habeas corpus 'are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the

present status of the case pending against him.'" **United States v. Tootle**, 65 F.3d 381, 383 (4th Cir. 1995) (quoting **Dickerson v. Louisiana**, 816 F.2d 220, 224 (5th Cir. 1987)). "[P]retrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review." **Brazell v. Boyd**, 991 F.2d 787 (4th Cir. 1993) (unpublished) (per curiam) (citing **Dickerson**, 816 F.2d at 224–226)).

> As the Supreme Court has summarized,
>
> The Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. § 2, is a compact among 48 States, the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges. Article IV(c) of the IAD provides that trial of a transferred prisoner "shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, ... the court having jurisdiction of the matter may grant any necessary or reasonable continuance." IAD Article V(c) states that when trial does not occur within the time prescribed, the charges shall be dismissed with prejudice.

**Reed v. Farley**, 512 U.S. 339, 341–42 (1994). The Interstate Agreement on Detainers Act has two "speedy trial" provisions. First, Article III(a) of the Act requires that a prisoner against whom a detainer has been lodged be tried within 180 days of the prosecuting State's receipt of the prisoner's notice requesting speedy disposition of the charges. *See* **Fex v. Michigan**, 507 U.S. 43 (1993). Second, Article IV(c) requires that trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state.

Here, petitioner's challenge is based on the state's failure to observe the 180-day limit set by Article III of the act. Respondent argues that the court should dismiss this case based on **Younger v. Harris**, 401 U.S. 37, 43 (1971). In **Younger**, the Supreme Court stated "courts of equity should not act, and particularly should not act to restrain a

5

criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44. "The [*Younger*] Court further found that where a party sought to enjoin proceedings as a violation of their rights under the United States Constitution, such arguments could be asserted as a defense to the state charges and-accordingly-could be adequately addressed by the state court." **Westfall v. West Virginia**, No. 2:09-CV-103, 2009 WL 3334914, at *2 (N.D. W.Va. Oct. 14, 2009) (Bailey, J.). Under the *Younger* abstention doctrine, a federal court is required to abstain from interfering in ongoing state court proceedings, even if the federal court has jurisdiction, where the following test if met: (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." **Martin Marietta Corp. v. Maryland Comm'n on Human Relations**, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing **Middlesex County Ethics Comm. v. Garden State Bar Ass'n**, 457 U.S. 423, 432 (1982); *see also* **Virginia Inst. Of Autism v. Virginia Dep't of Educ.**, 537 F. Supp.2d 817, 820 (E.D. Va. 2008). "The Supreme Court has recognized that a federal court may disregard *Younger*'s mandate only where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." **Nivens v. Gilchrist**, 444 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted) (citing **Kugler v. Helfant**, 421 U.S. 117, 124 (1975)).

Here, the undersigned finds that the *Younger* test is met and this Court should dismiss the petition. The first two conditions are undisputed: there are ongoing state criminal proceedings which the parties agree implicate an important state interest. The undersigned finds that the third condition is also met: there in an adequate opportunity for petitioner to raise his claims in the state proceedings. In particular, the petitioner will have the opportunity to raise his claim both as an affirmative defense and on appeal.

Petitioner argues that the third condition is not met because the State courts are an inadequate forum; specifically, petitioner claims that the circuit court and West Virginia Supreme Court of Appeals have demonstrated bias. Petitioner points to the lack of legal analysis in the circuit court's order denying petitioner's motion to dismiss the criminal action and the Supreme Court's denial of a writ of mandamus without the issuance of an opinion. [Doc. 11 at 11]. *Younger* abstention is inappropriate where the state tribunal is biased or may be reasonably perceived as biased. *Gibson v. Berryhill*, 411 U.S. 564 (1973) (State Board of Optometry was impermissibly biased because of pecuniary interest in the outcome of the proceedings). However, "[m]ere conclusory allegations of bias are insufficient to overcome *Younger*—a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000). Here, petitioner's claims of bias are clearly frivolous—the undersigned rejects petitioner's argument that the state courts have "demonstrated bias" by failing to include sufficient legal analysis in their orders. *See Liteky v. United States*, 510 U.S. 540, 541 (1994) (In the context of recusal motions, "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion.").

7

Petitioner further argues that this case presents "extraordinary circumstances" that justify circumventing *Younger*. Specifically, petitioner points to "the blatancy with which the IAD has been violated, and has been allowed to be violated at the state level." [Doc. 11 at 13]. "The very nature of 'extraordinary circumstances,' of course, makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings." *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975). However, "the path to extraordinary circumstances is exceedingly narrow." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 100 (4th Cir. 2022).

"The Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally does not justify habeas corpus relief." *Gerald v. Richardson*, No. CA 1:14-2063-JFA-SVH, 2014 WL 3496356, at *2 (D.S.C. July 14, 2014) (Anderson, J.) (citing *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985)). "Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent." *Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (unpublished) (per curiam) (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). In *Moore*, a New Jersey pretrial detainee sought habeas relief based on denial of his right to a speedy trial; the Third Circuit found that *Younger* precluded injunctive relief:

> We are satisfied that Moore's claim of alleged denial of the right to a speedy trial does not fall within the extraordinary circumstances envisioned in Younger. Petitioner Moore will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These available procedures amply serve to protect Moore's constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

8

*Moore v. DeYoung*, 515 F.2d at 449.  The undersigned notes that petitioner points to *Kerr* for the proposition that "The IADA was designed, in part, to protect prisoners against whom detainers are issued from being denied prison privileges and rehabilitation efforts." 757 F.2d at 607.  *Kerr* held "that the violation of the 180-day time provision of Article III(a) alleged in this case does not constitute a fundamental defect entitling Kerr to relief under § 2254, because Kerr has failed to show any prejudice arising out of the alleged violation." *Id*.  Unlike *Kerr*, the petitioner in this case alleges that he has suffered prejudice by being removed from rehabilitative treatment in the Maryland corrections system.  [Doc. 1 at 7]. However, *Kerr* dealt with this issue in the context of a § 2254 petition, filed after the state trial was fully resolved, and thus *Younger* abstention was not a concern.

## V.  RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [**Doc. 9**] be **GRANTED** and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**.  A copy of any objections shall also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to transmit copies of this Report to all counsel of record.

**DATED**: May 8, 2024.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE