IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROBERT ANDREW PEARCE,**

        Petitioner,

v.                            **CIVIL ACTION No. 5:24-CV-20**
                                      Judge Bailey

**DIDYMUS TATE,** Superintendent,
Eastern Regional Jail,

        Respondent.

**ORDER**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 13]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on May 8, 2024, wherein he recommends that respondent's Motion to Dismiss be granted and the petition be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] Petitioner has no objecton to the contents of the R&R's Factual and Procedural History. *See* [Doc. 14 at 1]. Thus, this Court fully adopts and incorporates herein the "Factual and Procedural History" section of the R&R. *See* [Doc. 13 at 2–3].

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections to the R&R on May 22, 2024. *See* [Doc. 14]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

### A. Report and Recommendations

In the R&R, Magistrate Judge Mazzone, relying on ***Younger v. Harris***, 401 U.S. 37 (1971), found that

> the ***Younger*** test is met and this Court should dismiss the petition. The first two conditions are undisputed: there are ongoing state criminal proceedings which the parties agree implicate an important state interest. The undersigned finds that the third condition is also met: there in an adequate opportunity for petitioner to raise his claims in the state proceedings. In particular, the petitioner will have the opportunity to raise his claim both as an affirmative defense and on appeal.

[Doc. 13 at 7].

### B. Objections

Petitioner advances two objections: (1) petitioner's arguments that the Courts of West Virginia are an inadequate forum is not without merit; and (2) petitioner objects to Magistrate Judge Mazzone's conclusion that his case does not constitute extraordinary circumstances. *See* [Doc. 14 at 2–5].

### C.      Analysis

#### 1.      This Court agrees that petitioner's arguments that the Courts of West Virginia are an inadequate forum are without merit.

Petitioner agrees that Magistrate Judge Mazzone correctly states that the first two prongs of **Younger**[2] are met insofar as the parties agree that there is an ongoing state level proceeding and that the proceeding implicates an important state interest. See [Doc. 14 at 2]. Petitioner also agrees that Magistrate Judge Mazzone correctly states that it is the third prong of **Younger** that is at issue; whether there is an adequate opportunity to raise federal claims in the state proceedings. See [id.].

Petitioner argues that Magistrate Judge Mazzone "erroneously found that bias could not be reasonably inferred on the part of the Courts of West Virginia based on the record." [Id.]. Relying on his brief, petitioner asserts there are instances where the **Younger** doctrine need not be applied as if a state court has shown itself to be an improper forum. [Id. (citing cases)]. Ultimately, petitioner argues that "it is impossible to show explicit bias when a litigant is denied a meaningful opportunity to create a record. Petitioner has been afforded no state level hearing, and no substantive response has been required by the State." [Id. at 3].

Lastly, petitioner again points to the lack of legal analysis in the circuit court's order denying petitioner's motion to dismiss. [Id. ("[I]t is not unreasonable to see the denial of consideration of a motion that, when considered on the merits, is clearly favorable to the Defendant as a level of bias in and of itself.")].

---

[2] Magistrate Judge Mazzone provides a thorough discussion of **Younger v. Harris**, 401 U.S. 37 (1971) in the R&R. See [Doc. 13 at 5–7].

This Court agrees with Magistrate Judge Mazzone that petitioner's claims of bias are frivolous. This Court will not accept petitioner's argument that the Courts of West Virginia are biased simply by failing to include sufficient legal analysis in their orders. **Kirschner v. Klemons**, 225 F.3d 227, 236 (2d Cir. 2000) ("[m]ere conclusory allegations of bias are insufficient to overcome **Younger**—a plaintiff seeking to avoid **Younger** must affirmatively demonstrate the justification for application of an exception."). Thus, petitioner's first objection is **OVERRULED**.

2. **Petitioner's case does not constitute extraordinary circumstances.**

Petitioner argues that the cases Magistrate Judge Mazzone cites to are distinguishable from this case. See [Doc. 14 at 3–6]. First, petitioner states **Gerald v. Richardson**, 2014 WL 3496356, at *2 (D. S.C. July 14, 2014) (Anderson, J.) addresses claims brought under the Interstate Agreement on Detainers ("IADA") pursuant to § 2254, not 2241. [Doc. 14 at 3–4].[3]

Next, petitioner states **Brazell v. Boyd**, 991 F.2d 787 (4th Cir. 1993) is a decision that does not deal with the IADA. [Id. at 4].[4]

---

[3] This distinction is of no particular import given that Magistrate Judge Mazzone simply relied upon **Gerald** for the general proposition that a mere violation of the IADA, without more, generally does not justify habeas corpus relief. See [Doc. 13 at 8].

[4] Magistrate Judge Mazzone relied on **Brazell** for the propositions that "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review" and "[w]here the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent." It is of no moment that **Brazell** does not deal with the IADA because the propositions Magistrate Judge Mazzone is relying on deal with the relief under § 2241, not anything to do with the IADA.

5

Petitioner states Magistrate Judge Mazzone discussed **Moore v. DeYoung**, 515 F.2d 437 (3d Cir. 1975), a case that even though deals with habeas filed pursuant to § 2241, focuses on the availability of petitioners to obtain relief for general speedy trial claims and includes a litigant whose case was actually reviewed by the state courts involved. [Id.].[5]

Lastly, petitioner notes Magistrate Judge Mazzone discusses **Kerr v. Finkbeiner**, 757 F.2d 604 (4th Cir. 1985) which unlike this case, dealt with a petitioner who sought post-conviction relief under the IADA, namely Article III(a) of § 2254. [Id. at 5].[6]

In this case, petitioner is challenging his continued detention, arguing that the State of West Virginia has held him beyond the one-hundred-and-eighty day time frame set by the IADA. Petitioner contends that by raising this ground in the Circuit Court of Berkeley County and the Supreme Court of Appeals of West Virginia, he has fully exhausted his available state remedies. Petitioner asks this Court to enter an order "mandating that the Circuit Court of Berkeley County dismiss Berkeley County Case Number: CC-02-2023-F-99 with prejudice pursuant to Article V(c) of [W. Va. Code] § 62-14-1." [Doc. 1 at 8].

---

[5] Petitioner argues that in **Moore**, the petitioner received actual rulings on the motion for relief he submitted at the state level. In this case, petitioner did receive rulings. He just takes issue that the rulings did not include sufficient legal analysis. This assertion by petitioner does not make **Moore** any more or less persuasive.

[6] Petitioner relies on **Kerr** in his response to respondent's Motion to Dismiss for the proposition that "The IADA was designed, in part, to protect prisoners against whom detainers are issued from being denied prison privileges and rehabilitation efforts." [Doc. 11 at 14]. Petitioner now argues that Magistrate Judge Mazzone should not have relied on **Kerr** in his R&R. However, this authority has not been presented to the Supreme Court of Appeals of West Virginia through a direct appeal or through habeas, which are both still potentially available remedies to petitioner.

Even if petitioner did argue that exhaustion was satisfied or should be excused, petitioner cannot show "extraordinary circumstances," as is his burden, in order to proceed. See **Moore**, 515 F.2d at 447 ("Moore having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition.") (footnote omitted).

Here, there is an ongoing state judicial proceeding, as petitioner is a defendant in a state criminal prosecution,[7] and it is clear that granting his request for relief would interfere with those state court proceedings. In addition, the state's criminal case against him undoubtedly implicates the important state interests of the enforcement of its criminal laws. The State of West Virginia has an important interest in being able to prosecute criminal cases without federal interference. See **Johnson v. Francis**, 2022 WL 1040404, at *3 (S.D. W.Va. Mar. 11, 2022) (Aboulhosn, M.J.), report and recommendation adopted, 2022 WL 1042719 (S.D. W.Va. April 6, 2022) (Volk, J.).

Petitioner has not and cannot demonstrate that the State of West Virginia acted in bad faith. Not to mention, the unavailability of the parties established good cause for the continuances in the criminal case.

Petitioner fails to show, as is his burden, any "extraordinary circumstance" so as to merit pre-trial habeas relief in federal court. Petitioner repeatedly argues that the Courts of the State of West Virginia have demonstrated bias and an unwillingness to address petitioner's claim on the merits. He further contends that he "is continuing to be harmed

---

[7] Petitioner is facing five (5) felony sexual offenses alleged to have been perpetrated upon a child.

by his detention in the State of West Virginia. He has been removed from the Maryland corrections system where he was receiving rehabilitative treatment and has been forestalled from participating in any parole hearings or from being considered for release." [Doc. 1 at ¶ 38]. However, petitioner has no constitutional right to parole or rehabilitative treatment while incarcerated. These circumstances are attenuated by the fact that he requested to be tried in the State of West Virginia prior to his release from the custody of Maryland and inevitably would be subjected to detention in West Virginia.

Merely being unsuccessful at the state level does not create "extraordinary circumstances." This Court refuses to intervene in a state court matter simply because the state court's ruling was adverse to petitioner's interests. If petitioner is convicted, petitioner will have the opportunity to seek review in the West Virginia Supreme Court of Appeals on direct appeal and even post-conviction relief. By denying petitioner's petition in the above-styled case, this Court is not leaving petitioner without opportunity to challenge the state courts' decisions. This Court refuses to grant habeas relief that would result in the dismissal, with prejudice, of the criminal charges pending in the State of West Virginia. The State of West Virginia's interest is too great in maintaining the efficient operation of its criminal justice system in determining petitioner's innocence or guilt of those charges without undue federal interference. Thus, this Court **OVERRULES** petitioner's second objection.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the

applicable law. Accordingly, the magistrate judge's report and recommendation [Doc. 813] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 14**] are **OVERRULED**. Respondent's Motion to Dismiss [**Doc. 9**] is **GRANTED** and the Petition [**Doc. 1**] is **DENIED and DISMISSED WITHOUT PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: May 28, 2024.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE